UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

CAROL SPACK, ON BEHALF OF
HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

                             Plaintiff,

            -against-

TRANS WORLD ENTERTAINMENT
CORP., RECORD TOWN, INC., AND
RECORD TOWN USA, LLC,

                       Defendants.

-------------------------------------------------------------x

Civ. No.:  3:17-cv-2687

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER AND STAY THIS PROCEEDING

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ......................................................................... iii

BACKGROUND .............................................................................................. 1

ARGUMENT .................................................................................................... 3

  POINT I .......................................................................................................... 3

    THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF NEW YORK ................................................................................................... 3

    A.  Venue is Proper in the Northern District of New York ........................... 3

    B.  Transfer to the Northern District of New York is Appropriate Under 28 U.S.C. §1404(a) ........................................................................................ 5

      i.  The Private Factors Weigh in Favor of Transfer ................................. 6

        a.  Plaintiff's Forum Preference.......................................................... 6

        b.  Defendants' Preference .................................................................. 7

        c.  Location Where The Claim Arose ................................................... 7

        d.  Convenience of the Parties.............................................................. 8

        e.  Convenience of the Witnesses ......................................................... 9

        f.  Location of Books and Records ...................................................... 10

      ii.  The Public Factors Weight in Favor of Transfer ............................... 10

        a.  Enforceability of the Judgment...................................................... 11

        b.  Practical Considerations................................................................ 11

        c.  Relative Administrative Difficulty ................................................. 11

        d.  Local Interests ............................................................................... 12

        e.  Public Policy ................................................................................. 12

        f.  Familiarity of Trial Judge with Applicable Law............................. 13

      iii.  Summary of Private and Public Factor Analysis ............................... 13

  POINT II ...................................................................................................... 14

ALL CLAIMS ASSERTED ON BEHALF OF THE SAMs MUST BE DISMISSED AS
TIME-BARRED UNDER THE APPLICABLE STATUTE OF LIMITATIONS ............... 14

POINT III ......................................................................................................................... 15

DEFENDANT RECORD TOWN USA, LLC IS NOT SUBJECT TO PERSONAL
JURISDICITON IN NEW JERSEY ...................................................................... 15

POINT IV ......................................................................................................................... 17

THE COURT SHOULD STAY PROCEEDINGS PENDING RESOLUTION OF THIS
MOTION .............................................................................................................. 17

CONCLUSION ................................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrews v. A.C. Roman & Assocs.*,
    914 F.Supp.2d 230 (N.D.N.Y. Dec. 20, 2012) ...................................................8, 9

*Atanassov v. Amspec Servs., LLC*,
    2016 U.S. Dist. LEXIS 22334 (D.N.J. Feb. 24, 2016) ..............................6, 7, 10, 11

*Bachmann Software & Servs. v. Intouch Group, Inc.*,
    2008 U.S. Dist. LEXIS 55719 (D.N.J. July 21, 2008)..........................................13

*Caucci v. Prison Health Servs.*,
    153 F. Supp. 2d 605 (E.D. Pa. 2001) ....................................................................15

*Consumer Distributing Co. v. Tele-Save Merchandising Co.*,
    553 F. Supp. 974 (D.N.J. 1982) ............................................................................10

*Earley v.BJ's Wholesale Club, Inc.*,
    2007 U.S. Dist. LEXIS 40125 (S.D.N.Y. June 4, 2007).........................................5

*Farrior v. George Weston Bakeries Distrib.*,
    2009 U.S. Dist. LEXIS 2636 (E.D.N.Y. Jan. 15, 2009) ..........................................5

*Farrior v. George Weston Bakeries Distrib.*,
    2009 U.S. Dist. LEXIS 2636 (E.D.N.Y. Jan. 15, 2009) ..........................................5

*Fortune v. Hamberger*,
    379 Fed. App'x 116 (3d Cir. May 7, 2010) ...........................................................14

*Gonzalez v. Bustleton Servs.*,
    2010 U.S. Dist. LEXIS 23158 (E.D. Pa., Mar. 5, 2010).......................................14

*Helicopteros Nacionales de Colombia S.A. v. Hall*,
    466 U.S. 408 (1984).............................................................................................16

*IMO Indus. V. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998).............................................................................15, 16

*Job Haines Home for the Aged v. Young*,
    936 F.Supp. 223 (D. N.J. Aug. 5, 1996) ............................................................9, 13

*Jones v. United Gas Improv. Corp.*,
    383 F.Supp. 420 (E.D. Pa. Sept. 25, 1974) ..........................................................15

*Jumara v. State Farm Ins. Co.*,
     55 F.3d 873 (3d Cir. 1995).................................................................3, 5

*Lamusta v. Lawson Mardon Wheaton, Inc.*,
     2000 U.S. Dist. LEXIS 2708 (E.D. Pa., Mar. 13, 2000).........................5

*Landis v. North American Co.*,
     299 U.S. 248 (1936)..........................................................................17

*Metro Life Ins. Co. v. Bank One, N.A.*,
     2012 U.S. Dist. LEXIS 137119 (D.N.J. Sept. 25, 2012) ......................11

*Natasha Roper v. Trans World Entertainment Corporation*, et al.,
     Civil Action No. 1:17-cv-00553 ...........................................................3

*In re Nice Sys. Sec. Litig.*,
     135 F.Supp.2d 551 (D. N.J. Mar. 8, 2001) ..........................................14

*Nicholas v. Wyndham Int'l, Inc.*,
     149 Fed. App'x 79 (3d Cir. 2005).........................................................17

*Plastic Suppliers, Inc. v. Cenveo, Inc.*,
     2011 U.S. Dist. LEXIS 5186 (N.D.N.Y. Jan. 20, 2011).........................9

*Plum Tree, Inc. v. Stockment*,
     488 F.2d 754 (3d Cir. 1973).................................................................5

*POSVEN, C.A. v. Liberty Mut. Ins. Co.*,
     303 F.Supp.2d 391 (S.D.N.Y. 2004).....................................................13

*Rindfleisch v. Gentiva Health Sys.*,
     752 F.Supp.2d 246 (E.D.N.Y. Oct. 8, 2010)......................................9, 12

*Santomenno v. Transamerican Life Ins. Co.*,
     2012 U.S. Dist. LEXIS 44883 (D.N.J. Mar. 30, 2012)................... *passim*

*Smith v. Bank of N.Y. Mellon Corp.*,
     2011 U.S. Dist. LEXIS 21996 (W.D. Pa., Jan. 20, 2011)......................15

*Smith v. S&S Dundalk Eng'g Works, Ltd.*,
     139 F.Supp.2d 610 (D. N.J. Apr. 16, 2001).........................................16

*Spiciarich v. Mexican Radio Corp.*,
     2015 U.S. Dist. LEXIS 89924 (S.D.N.Y. July 10, 2015) .........................4

*Van Dusen v. Barrack*,
     376 U.S. 612 (1964)..............................................................................5

**Statutes**

28 U.S.C. § 1391(1) ...................................................................................................4

28 U.S.C. § 1391(2) ...................................................................................................4

28 U.S.C. § 1391(b) ...................................................................................................4

28 U.S.C. §1404(a) .............................................................................................3, 5, 17

FLSA ........................................................................................................... *passim*

Pennsylvania Minimum Wage Act ...............................................................14, 15, 18

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)..............................................................................................16

Fed. R. Civ. P. 12(b)(6)..............................................................................................14

## PRELIMINARY STATEMENT

Defendants Trans World Entertainment Corp., Record Town, Inc., Record Town, Inc. and Record Town USA, LLC (collectively "Defendants") respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), and 28 U.S.C. § 1404(a), to: (1) transfer this action to the Northern District of New York, (2) dismiss Defendant Record Town, USA, LLC from this action because it is now subject to personal jurisdiction in New Jersey, and (3) dismiss Count Three of the Complaint as time-barred.  As set forth below, the Northern District of New York is both a proper and preferable venue for this action because that is the District where nearly all of the material events giving rise to Plaintiff's claims occurred.   The Northern District of New York also houses the headquarters of all three Defendants, the majority of the material witnesses, and almost all of the documents that will be relevant to deciding the claims.

Should the Court elect to retain this action, however, it is respectfully submitted that portions of it should be dismissed pursuant.   Record Town USA, LLC has no meaningful contacts with New Jersey, and should be dismissed as a Defendant.  Moreover, Plaintiff filed this action more than three (3) years following her last day worked in the Commonwealth of Pennsylvania and, therefore, all claims under the Pennsylvania Minimum Wage Act are time-barred.

## BACKGROUND

Defendants own and operate a nationwide network of retail stores under the name F.Y.E. ("For Your Entertainment") from their principal offices located at 38 Corporate Circle in Albany, New York.  *See* Declaration of Jeffery Davis ("Davis Dec."), ¶¶ 3-7; Dkt 1, ¶¶ 19-20.  The staff at each store includes one Store Manager ("SM"), and one or more Senior Assistant Manager ("SAM").  *See* Davis Dec., ¶ 3. As it relates to this matter, Plaintiff worked as a SAM in

Pennsylvania at various points with the last date of employment with the Pennsylvania on or about May 31, 2013. *See id.*, ¶ 17, Exh. A.

On or about March 7, 2017, Defendants received an attorney demand letter from the Shavitz Law Group, P.A. (the "Shavitz Firm") asserting that they represented former SMs that were seeking "unpaid overtime wages on behalf of themselves and other similarly situated employees nationwide, however variously titled." *See* Certification of William J. Anthony ("Anthony Cert."), ¶ 4. The letter expressed the Shavitz Firm's intention to commence a nationwide class action, but also indicated a willingness to engage in pre-suit settlement discussions. *See id.*, ¶¶ 5-6.

The Shavitz Firm, moreover, took affirmative steps on behalf of the putative class in an effort to preserve the statute of limitations. As Defendants evaluated the potential of pre-suit settlement negotiations, the Shavitz Firm entered into a tolling agreement with Defendants effective April 1, 2017 (the "Tolling Agreement"). *See id.*, ¶ 7, Exh. A. Notably, the Tolling Agreement applies not only to the Shavitz Firm's individual clients[1], but also all "Potential FSLA Plaintiffs" and "Potential State Law Claim Plaintiffs." *See id.*

On April 20, 2017, as Defendants discussed the matter with the Shavitz Firm, Plaintiff Carol Spack ("Plaintiff") filed this action, through a different law firm, in the United States District Court for the District of New Jersey (the "New Jersey Action"). *See id.*, ¶ 9, Exh. B; Dkt. 1. The New Jersey Action also purports to be brought on behalf of all other similarly situated employees, and therefore overlaps with the putative class and/or collective covered by the Tolling Agreement. It also alleges that Defendants violated the FLSA, and also brings claims

---

[1] The two individuals putative plaintiffs expressly named in the Tolling Agreement are Richard Brushett (who is not currently a named plaintiff is either action) and Natasha Roper (the named Plaintiff in the New York Action). *See* Anthony Cert., Exh. A.

under both New Jersey (on bahlf of SMs only) and Pennsylvania State Law (on behalf of SMs and SAMs).  *Id.*

On May 19, 2017, despite the fact that the Tolling Agreement remained in place[2], the Shavitz Firm filed a lawsuit was filed in the Northern District of New York (the "New York Action") captioned: *Natasha Roper v. Trans World Entertainment Corporation*, *et al*., Civil Action No. 1:17cv00553.  *See id.*, ¶ 11, Exh. C.

By way of this motion, Defendants seek to transfer the New Jersey Action to the Northern District of New York, where it can be resolved along with the New York Action.

## ARGUMENT

## POINT I

## THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF NEW YORK

### A. Venue is Proper in the Northern District of New York

The preliminary inquiry under § 1404(a) is whether the proposed transferee venue is one in which the case "might have been brought" in the first instance.  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  Venue is appropriate in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any

---

[2] The Tolling Agreement states that it "shall terminate 14 days after either party gives notice of cancellation to the other."  Neither party has given such written notice.  The filing of a lawsuit, however, arguably constitutes such notice.  Moreover, it is breach of the Tolling Agreement which provides that "During the term of this Agreement, Plaintiffs shall refrain and forebear from commencing…any lawsuit…against Trans World raising these FLSA issues or state wage and hour law claims without giving Trans World 7 days advance written notice."  *See* Anthony Cert., Exh. A.

judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *See* 28 U.S.C. § 1391(b).

Here, the Northern District of New York is a proper venue under both Subsections (1) and (2) of Section 1391. First, all three defendants have their corporate headquarters in Albany, New York – and therefore 'reside' in the same district. *See* Davis Dec., ¶ 6. Plaintiff's do not dispute this fact and, in fact, concede that all three Defendants have their principal office at 38 Corporate Circle in Albany, New York. *See* Dkt. 1, ¶ 19. Albany, of course, is located in the Northern District of New York, and venue is therefore appropriate in that District pursuant to 28 U.S.C. § 1391(1).

Moreover, a substantial part of the events giving rise to Plaintiff claims occurred at Defendants' corporate headquarters in Albany. For example, the pay practices that are challenged were developed at Defendants' Albany headquarters, and payroll was calculated in Albany for each pay period during the relevant timeframe. *See* Davis Dec., ¶¶ 13-15. Thus, the Northern District of New York is also an appropriate venue under 28 U.S.C. § 1391(2). *See Spiciarich v. Mexican Radio Corp.,* 2015 U.S. Dist. LEXIS 89924 at *17 (S.D.N.Y. July 10, 2015)[3] ("Since a substantial part of [Plaintiffs'] claims arose in the Northern District of New York, venue is indeed proper in that forum") *citing* 28 U.S.C. § 1391(b)(2).

Accordingly, it is respectfully submitted that the Northern District of New York is an appropriate venue for this action, and that this action could have been brought there. Another action asserting wage and hour claims is currently pending in that District, which is perhaps the best evidence of this fact. Defendants have not, and do not intend to, raise any venue objection in that action.

---

[3] A true and correct copy of *Spiciarich v. Mexican Radio Corp.*, Civil Action No. 14-cv-9009: ,2015 U.S. Dist. LEXIS 89924 (S.D.N.Y., Jul, 10, 2015) is attached at Anthony Cert., Exh. D.

B.  <u>Transfer to the Northern District of New York is Appropriate Under 28 U.S.C. §1404(a)</u>

Pursuant to 28 U.S.C. § 1404(a), district courts are vested with the discretion to "transfer any civil action to any other district where it might have been brought…"  The purpose of this provision is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  Defendants respectfully request that the court exercise this discretion by transferring this matter to the Northern District of New York, wherein Defendants' headquarters are located and another similar action is pending.  "The Court has broad discretion in deciding whether transfer is warranted."  *Lamusta v. Lawson Mardon Wheaton, Inc.*, 2000 U.S. Dist. LEXIS 2708, at *5 (E.D. Pa., Mar. 13, 2000)[4] *citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *see also Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973).  The ultimate question is "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  *Jumara*, 55 F.3d at 879.

Numerous federal courts applying this provision have opted to transfer FLSA collective actions to the district where Defendant is headquartered.  *See e.g., Santomenno v. Transamerican Life Ins. Co.*, 2012 U.S. Dist. LEXIS 44883 (D.N.J. Mar. 30, 2012)[5]; *Farrior v. George Weston Bakeries Distrib.,* 2009 U.S. Dist. LEXIS 2636 (E.D.N.Y. Jan. 15, 2009)[6]; *Earley v.BJ's Wholesale Club, Inc.,* 2007 U.S. Dist. LEXIS 40125 (S.D.N.Y. June 4, 2007).[7]  Although this

---

[4] A true and correct copy of *Lamusta v. Lawson Mardon Wheaton, Inc.*, Civil Action No. 99-3931: 2000 U.S. Dist. LEXIS 2708 (E.D. Pa., Mar. 13, 2000) is attached at Anthony Cert., Exh. E.

[5] A true and correct copy of *Santomenno v. Transamerican Life Ins. Co.*, Civil Action No. 11-236: , 2012 U.S. Dist. LEXIS 44883 (D.N.J., Mar. 30, 2012) is attached at Anthony Cert., Exh. F.

[6] A true and correct copy of *Farrior v. George Weston Bakeries Distrib.,* Civil Action No. 08-cv-2705; 2009 U.S. Dist. LEXIS 2636 (E.D.N.Y. Jan. 15, 2009) is attached at Anthony Cert., Exh. G.

[7] A true and correct copy of *Earley v.BJ's Wholesale Club, Inc.,* Civil Action No. 08-cv-2705: 2007 U.S. Dist. LEXIS 40125 (S.D.N.Y. June 4, 2007) is attached at Anthony Cert., Exh. H.

decision is made on a case-by-case basis and depends upon the application of a number of factors, both private and public private, it is respectfully submitted that this Court should do the same.  Indeed, as discussed below, both the private and public factors weigh in favor of transfer in this case.

      i.     <u>The Private Factors Weigh in Favor of Transfer</u>

In the Third Circuit, the private factors to be considered include:  "(1) plaintiff's forum preference; (2) defendant' preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses' and (6) the location of books and records."  *Santomenno*, 2012 U.S. Dist. LEXIS 44883 at *7 *citing Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 195).  As set forth below, five of these six factors weigh heavily in favor of transfer, and the one factor which weighs against it is entitled to minimal weight in the context of a collective action such as this one.

      a.     <u>Plaintiff's Forum Preference</u>

This is the only factor that weighs in favor of this court electing to retain this case. Ordinarily, this factor is given great weight.  That is not so, however, where the plaintiff is suing on behalf of a putative class.  *See Atanassov v. Amspec Servs., LLC*, 2016 U.S. Dist. LEXIS 22334 at *12-*13 (D.N.J. Feb. 24, 2016).[8]  In that context, "courts have 'afforded little deference to a plaintiff's choice of forum' because 'in such actions the participation of the class representative is generally minimal' and 'the potential members of the class will likely be scattered across the United States.'"  *Id.* at *13 *quoting Santomenno*, 2012 U.S. Dist. LEXIS 44883 at *15-*17.

---

[8] A true and correct copy of *Atanassov v. Amspec Servs., LLC*, Civil Action No. 15-3628, 2016 U.S. Dist. LEXIS 22334 (D.N.J. Feb. 24, 2016) is attached at Anthony Cert., Exh. I.

The complaint in this action makes it clear that Plaintiff seeks to "bring this action as a nation-wide collection action."   *See* Dkt. 1, ¶ 6.   Accordingly, if and when a collective is certified, putative plaintiffs will be spread throughout the United States.   Because some of those putative plaintiffs are bound to be forced to travel or otherwise inconvenienced regardless of where this matter is venued, Plaintiff's choice of forum is entitled to little or no deference in this case.   *See Atanassov*, 2016 U.S. Dist. LEXIS 22334 at *12-*13; *Santomenno*, 202 U.S. Dist. LEXIS 44883 at *15-*17.

b.   Defendants' Preference

All three named Defendants maintain their corporate headquarters in Albany.   *See* Davis Dec., ¶ 6.   Those headquarters contain the corporate departments critical to this action, including Payroll and Human Resources, and will therefore be the central location from which the response to this litigation is coordinated.   *See id.*, ¶ 7.   In addition, key executives live in work in the surrounding area.   *See id.*, ¶¶ 8—10.   Thus, it is Defendants' preference that this matter be litigated where those headquarters are located, in the Northern District of New York.   *See id.*, ¶ 16.   Moreover, a similar case is currently pending in the Northern District of New York.   *See* Anthony Cert., Exh. C.

Defendants' preference is to litigate this matter where its headquarters are located.   This fact "weighs in favor of transfer, particularly since another similar case…is already pending" in the Northern District of New York.   *Atanassov*, 2016 U.S. Dist. LEXIS 22334 at *13.

c.   Location Where The Claim Arose

As discussed above, this action seeks to challenge wage and hour decisions which are typically made and implemented by personnel at Defendants' Albany headquarters, where all critical corporate departments (including both Payroll and Human Resources) are located.   *See*

Davis Dec., ¶¶ 7-15.  Although, Plaintiff's performance of her job duties may have occurred in New Jersey, at least for a limited period of time, "the majority of the relevant events on the wage claims occurred" in the Northern District of New York.  *See Andrews v. A.C. Roman & Assocs.*, 914 F.Supp.2d 230, 240 (N.D.N.Y. Dec. 20, 2012).

Although Plaintiff worked (for a period of time) in New Jersey and thus, arguably, her injuries occurred there, "the location of the alleged injury is not considered when determining the 'center of gravity' or where the claim arose in matters where no physical injury has occurred." *Santomenno*, 2012 U.S. Dist. LEXIS at *24.  This is especially so where, as here, "Plaintiffs are acting on behalf of a putative class" because "members of the proposed class will have suffered injury through the United States…" *Id.*

Thus, it is clear that majority of relevant events occurred at Defendants' corporate headquarters in Albany.  *See* Davis Dec., ¶¶ 7-15.  Thus, this factor weighs in favor of transfer. *See Andrews*, 914 F.Supp.2d at 240-241; *Santomenno*, 2012 U.S. Dist. LEXIS at *22-*25.

     d.  <u>Convenience of the Parties</u>

It would, of course, be more convenient for Defendants to litigate this case in the district where their headquarters are located.  Moreover, as set forth in the accompanying Declaration of Jeffery Davis, litigating this case in New Jersey, as opposed to the Northern District of New York, has the potential to disrupt Defendants' business because key executives who are likely to be called as witnesses would be forced to travel.  *See* Davis Dec., ¶ 12.  Under similar circumstances, courts have recognized that such potential disruption "weighs slightly in favor of transfer…" *Andrews*, 914 F.Supp.2d at 240.

On the opposite side it would, similarly, be more convenient for Plaintiff to litigate this matter in the district in which she resides.  However, again, the convenience of the named

Plaintiff is entitled to little deference in the context of this case – a putative collective action. Courts have noted that, in this context, "Plaintiff[], as representative[] of a class, will likely play a minimal role in the litigation." *Santomenno*, 2012 U.S. Dist. LEXIS 44883 at *20 *citing Job Haines Home for the Aged v. Young*, 936 F.Supp. 223, 231 (D. N.J. Aug. 5, 1996). Moreover, Defendants are willing to further mitigate any inconvenience to the named Plaintiff, Ms. Spack, by agreeing to take her deposition in New Jersey even if this action is transferred. *See* Anthony Cert., ¶ 27.

Thus, in one analogous case, a District Court observed that all of the Defendants were located in the forum to which transfer was sought. "[T]he potential class members", on the other hand, were located "all over the United States." *Job Haines*, 936 F.Supp. at 231. Thus, the court held that "[o]n a convenience of the parties analyses, the defendants win, hands down." *Id.*; *see also Rindfleisch v. Gentiva Health Sys.*, 752 F.Supp.2d 246, 258-59 (E.D.N.Y. Oct. 8, 2010) ("In the instant case, transfer of the case would not shift the inconvenience to the plaintiffs; rather, transfer will result in little, if any, additional inconvenience to the plaintiffs, while at the same time making the forum substantially more convenient for defendants").

Thus, this factor also weighs in favor of transferring this matter to the Northern District of New York.

       e.   Convenience of the Witnesses

Some courts have noted that the convenience of the witnesses is the "single-most important factor in the analysis of whether transfer should be granted." *Andrews*, 914 F.Supp.2d at 238 *quoting Plastic Suppliers, Inc. v. Cenveo, Inc.*, 2011 U.S. Dist. LEXIS 5186 at *4 (N.D.N.Y. Jan. 20, 2011).[9]  Others have, admittedly, held that this factor should be considered

---

[9] A true and correct copy of *Plastic Suppliers, Inc. v. Cenveo, Inc.*, Civil Action No.: 3:10-cv-0512, 2011 U.S. Dist. LEXIS 5186  (N.D.N.Y. Jan. 20, 2011) is attached at Anthony Cert., Exh. J.

"only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Atanassov*, 2016 U.S. Dist. LEXIS 22334 at *14 *quoting Jumara*, 55 F.23 at 879.  To the extent that this factor is considered, it weighs heavily in favor of transfer for the reasons set forth in the argument regarding the convenience of the parties' factor, *supra*.

      f.   <u>Location of Books and Records</u>

Finally, the court must weigh the location of relevant documentary evidence.  Documents material to this litigation, such as payroll data, are located at Defendants' headquarters in Albany.  *See* Davis Dec., ¶¶ 13-14.  Accordingly, this factor also weights in favor of transfer of this action.  *See Santomenno*, 2012 U.S. Dist. LEXIS 44883 at *27-*28; *see also Consumer Distributing Co. v. Tele-Save Merchandising Co.*, 553 F. Supp. 974, 975 (D.N.J. 1982) (finding that transfer of venue is appropriate where all of the business records are maintained in the forum requested and the alleged conduct occurred in the forum requested).

      ii.   <u>The Public Factors Weight in Favor of Transfer</u>

The public factors to be considered include:  "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two for a resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state laws in diversity cases."  *Atanassov*, 2016 U.S. Dist. LEXIS at *16 *quoting Danka Funding*, 21 F.Supp.2d at 474.  As discussed below, the balance of these factors also comes out in favor of transferring this case to the Northern District of New York.

a. Enforceability of the Judgment

Where, as here, both courts are federal district courts, the enforceability of any eventual judgment "should not be a concern." *Santomenno*, 2012 U.S. Dist. LEXIS 44883 at *29. Defendants do not dispute that a judgment rendered by either proposed venue would be enforceable. Thus, this factor is neutral.

b. Practical Considerations

Practical considerations weigh in favor of transfer. One such consideration is when "two cases involving precisely the same issues are simultaneously pending in different District Courts…" *Atanassov*, 2016 U.S. Dist. LEXIS 22334 at *18 *quoting Metro Life Ins. Co. v. Bank One, N.A.*, 2012 U.S. Dist. LEXIS 137119 at *23-*24 (D.N.J. Sept. 25, 2012).[10] Although the existence of these separate actions does not necessarily dictate which forum should be selected, another practical consideration—the efficiency of an eventual trial—weighs in favor of transfer given that most of the material witness of the defense side live and work in the Northern District of New York. *See* Davis Dec., ¶ 8.

c. Relative Administrative Difficulty

According to statistics published by the United States Courts, the median time-to-trial in the Northern District of New York is 33.1 months for the 12-month period ending June 30, 2016. The median time-to-trial in the District of New Jersey, on the other hand, is 38.3 months for that same period. *See* Anthony Cert., ¶¶ 25-26, Exh. M. This difference is material, and weighs in favor of transferring this matter to the Northern District of New York, where the docket is slightly less congested. *See Santomenno*, 2012 U.S. Dist. LEXIS 44883 at *30.

---

[10] A true and correct copy of *Metro Life Ins. Co. v. Bank One, N.A.*, Civil Action No.: 03-2784, 2012 U.S. Dist. LEXIS 137119 (D.N.J. Sept. 25, 2012) is attached at Anthony Cert., Exh. K.

d.  Local Interests

This factor is of diminished significance where, as here "the claims at issue are not entirely local."  *Santomenno*, 2012 U.S. Dist. LEXIS 44883 at *30.  Although the Plaintiff is a resident of New Jersey and does assert one claim under New Jersey law (*see* Dkt. 1, Count 2), she also asserts a federal claim on behalf of all similarly situated employees nationwide (*see id.*, Count 1)—a class that the Complaint estimates will "include hundreds (and possibly thousands) of members."  Dkt. 1, ¶ 36.  Plaintiff also asserts a second state law claim, under Pennsylvania law, on behalf of all SAMs employed by Defendants in Pennsylvania during the relevant period. *See* Dkt. 1, Count 3.

Given Defendants' nationwide operations, only a small portion of putative plaintiffs in this action will have been employed in New Jersey.  Indeed, one of the named Defendants, Record Town USA, does not even do any business within the State of New Jersey.  *See* Davis Dec., ¶ 5.  Thus, the local interest in deciding this matter at home, if any, is minimal.

e.  Public Policy

There is no compelling public policy reason why this case should be venued in the District of New Jersey as opposed to the Northern District of New York.  As discussed above, the bulk of the claims asserted by Plaintiff and those similarly situated arise under the FLSA, a federal statute.  Either District Court is "equally familiar with, and capable of applying, the legal principles necessary to adjudicate plaintiffs' federal FLSA claims."  *Rindfleisch*, 752 F.Supp.2d at 261.

The fact that Plaintiff also brings state-law claims under both New Jersey and Pennsylvania law is not dispositive "because federal courts are deemed capable of applying the substantive law of other states."  *Id. quoting Prudential Sec. Inc. v. Norcom Dev., Inc.*¸1998 U.S.

Dist. LEXIS 10569 at *6 (S.D.N.Y. July 16, 1998).  This is especially so where, as here, either court would be asked to decide state law claims outside of the district in which it sits.  *See generally Job Haines*, 936 F.Supp. 223, 233 (rejecting the argument that a New Jersey District Court was the best venue to decide an FLSA collective action that also involved New Jersey state law claims because "the New Jersey state law claims would only be relevant to the New Jersey class members", while class members from other states might assert violations of other state laws).  Therefore, this factor is also neutral.

      f.   Familiarity of Trial Judge with Applicable Law

Some courts have recognized this factor as "one of the least important factors in determining a motion to transfer" and that this is especially so where, as here, "no complex questions of foreign law are involved." *POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F.Supp.2d 391, 405 (S.D.N.Y. 2004).  Moreover, federal district courts are commonly called upon to decide issues involving the substantive law of other states – another reason why this factor is generally granted very little weight.  *See generally Bachmann Software & Servs. v. Intouch Group, Inc.*, 2008 U.S. Dist. LEXIS 55719 at *48-*49 (D.N.J. July 21, 2008).[11]

It is respectfully submitted that the Northern District of New York is fully capable of applying the substantive law governing Plaintiff's claims.

      iii.   Summary of Private and Public Factor Analysis

Five of the six private factors weigh heavily in favor of transferring this case to the Northern District of New York, where Defendants' headquarters located.  The only private factor which weighs in favor of this Court retaining the case, Plaintiff's preference, is entitled to little

---

[11] A true and correct copy of *Bachmann Software & Servs. v. Intouch Group, Inc.*, Civil Action No. 08-2025, 2008 U.S. Dist. LEXIS 55719 (D.N.J. July 21, 2008) is attached at Anthony Cert., Exh. L.

or no deference in the context of this case – a putative collective action.  Thus, an analysis of the applicable private factors weighs, decisively, in favor of transfer.

Moreover, the most significant public factors (enforceability of a judgment, practical considerations and administrative difficulties) are either neutral or clearly weigh in favor of transferring this case to the Northern District of New York.

Accordingly, it is respectfully submitted that, on balance, the factor-based transfer analysis comes out in favor of transferring this case to the Northern District of New York.

## POINT II

## ALL CLAIMS ASSERTED ON BEHALF OF THE SAMs MUST BE DISMISSED AS TIME-BARRED UNDER THE APPLICABLE STATUTE OF LIMITATIONS

"A claim is properly dismissed under Rule 12(b)(6) on statute of limitations grounds if the untimeliness of the claim is apparent on its face." *Fortune v. Hamberger*, 379 Fed. App'x 116, 119 (3d Cir. May 7, 2010).  However where, as here, Plaintiff's claims are based on documents referred to in the complaint, a court may consider those documents without converting a motion to dismiss into one for summary judgment.  *See In re Nice Sys. Sec. Litig.*, 135 F.Supp.2d 551, 565-66 (D. N.J. Mar. 8, 2001).  Here, Plaintiff's claims allege that Defendants either paid her (and other similarly situated employees) improperly or failed to pay for work performed.  As such, they inextricably rely upon employment records maintained by Defendant, which can therefore be considered without converting this motion into one for summary judgment.

A plaintiff must assert claims under the Pennsylvania Minimum Wage Act ("PMWA") within three-years of the date of the last alleged violation.  *See Gonzalez v. Bustleton Servs.*, 08cv4703, 2010 U.S. Dist. LEXIS 23158, *20-21 (E.D. Pa., Mar. 5, 2010) ("Pennsylvania law affords its citizens the benefit of the three year statute of limitations for overtime violations[.]");

14

*Caucci v. Prison Health Servs.*, 153 F. Supp. 2d 605, 610 (E.D. Pa. 2001) ("Courts have unanimously applied section 260.9a's three-year limitations period to claims under the PMWA."); *Smith v. Bank of N.Y. Mellon Corp.*, 10cv678, 2011 U.S. Dist. LEXIS 21996, *9 fn3 (W.D. Pa., Jan. 20, 2011) ("PMWA claims should be brought within the three-year statute of limitations[.]").

Plaintiff Carol Spack last worked in Pennsylvania as a SAM in May 2013. *See* Davis Dec., ¶ 17, Ex. A. She did not work for Defendants within the State of Pennsylvania at any time after that date. *See id.*, ¶ 18. Accordingly, the statute of limitations for any claims that she would have been able to assert under the PMWA expired in May 2016. The Complaint in this action was not filed until April 2017, almost a full year after expiration of the statute of limitations. Spacks's PMWA claims are therefore time-barred and must be dismissed.

Moreover, because Plaintiff herself does not have a timely claim under the PMWA, she does not have standing to assert that a claim on behalf of others. *See Jones v. United Gas Improv. Corp.*, 383 F.Supp. 420, 435 (E.D. Pa. Sept. 25, 1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite standing to sue the defendants, none may seek relief on behalf of himself or any other member of the class"). Accordingly, Count Three of the Complaint must be dismissed in its entirety.

### POINT III

### DEFENDANT RECORD TOWN USA, LLC IS NOT SUBJECT TO PERSONAL JURISDICITON IN NEW JERSEY

In order to exercise personal jurisdiction over a defendant, "a federal court sitting in diversity must undertake a two-step inquiry", first applying the applicable state long-arm statute and then the precepts of the Due Process Clause. *IMO Indus. V. Kiekert AG*, 155 F.3d 254, 258 (3d Cir. 1998). In New Jersey, however, "this inquiry is collapsed into a single step because the

New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *Id.* Thus, federal courts sitting in diversity within the District of New Jersey "look to federal law for the interpretation of the limits on *in personam* jurisdiction." *Id.*

It is well-settled that, under federal law, "[p]ersonal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *Id. quoting Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). If the defendant has "continuous and systematic contracts" with the forum state, general jurisdiction is appropriate. *See Smith v. S&S Dundalk Eng'g Works, Ltd.*, 139 F.Supp.2d 610, 619 (D. N.J. Apr. 16, 2001). When, on the other hand, plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum, the court is said to exercise specific jurisdiction. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984).

Neither general nor specific jurisdiction may properly be exercised over Record Town USA, LLC in this case. Record Town USA, LLC is not registered to do business in New Jersey, and does not in fact conduct any business therein. *See* Davis Dec., ¶ 5. Moreover, Record Town USA, LLC does not have an office in New Jersey, and does not employ anyone within the State. *See id.*

Stated differently, Record Town USA, LLC is a subsidiary separate and distinct from other Trans World enterprises which does not itself have any meaningful contacts with New Jersey. Under such circumstances, the exercise of personal jurisdiction over that entity would not be appropriate. *See Smith*, 139 F.Supp.2d at 619; *IMO Indus*, 155 F.3d at 259. Accordingly, it is respectfully submitted that Record Town USA, LLC should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(2).

## POINT IV

### THE COURT SHOULD STAY PROCEEDINGS PENDING RESOLUTION OF THIS MOTION

Finally, Defendants respectfully request that the Court stay this proceeding pending resolution of Defendants' motion to transfer. It has long been settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) *accord Nicholas v. Wyndham Int'l, Inc.*, 149 Fed. App'x 79 (3d Cir. 2005). Given this inherent power, as well as the purpose of 28 U.S.C. § 1404(a), it is respectfully submitted that this Court should stay this proceeding pending the outcome of Defendants' motion to transfer because of the fact that no additional proceedings in this venue will be necessary if that motion is granted.

### CONCLUSION

The Northern District of New York is both a proper and preferable venue for this action. As discussed above, nearly all of the material events giving rise to this litigation (*i.e.* the decision to classify SMs as exempt, etc.) occurred at Defendants' corporate headquarters in Albany, New York. It simply makes sense to transfer this case to the District where Defendants, most material witnesses, and all of the relevant documents are located. This is especially so given that a similar action is currently pending that District. The application of the factor-based test applicable to the 1404(a) analysis confirms this common sense conclusion.

However, should the court elect to retain this action, it is respectfully submitted that significant portions of it should be dismissed. Specifically, Record Town USA should be dismissed from the action entirely because it does not do any business in New Jersey and, accordingly, is not subject to the personal jurisdiction of this court.

17

Count Three of the Complaint, which alleges violations of the PMWA should also be dismissed in its entirety.  Spack, the only named Plaintiff, cannot assert a timely claim under the PMWA because she last worked as a SAM in Pennsylvania in May 2013, but did not file the instant Complaint until April 2017 – almost a year after the three year statute of limitations had expired.  Because Spack herself does not have a timely PMWA claim, she lacks standing to assert such a claim on behalf of all SAMs employed in Pennsylvania during the relevant time frame.

Accordingly, Defendants respectfully request that this action be transferred to the Northern District of New York; and that this action be stayed pending the Court's decision on this motion.  In the event that the court opts to retain this case, Record Town USA should be dismissed as a defendant and Count Three of the Complaint should be dismissed in its entirety.


Dated:  June 14, 2017

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960

By:  s/William J. Anthony
William J. Anthony, Esq.
James M. McDonnell, Esq.